# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

RAMERALD CHANNEL                  §
                                  §
v.                                §
                                  §          Case No. 2:13-CV-0292-RSP
COMMISSIONER, SOCIAL              §
SECURITY  ADMINISTRATION

## MEMORANDUM RULING

On December 14, 2011, Administrative Law Judge Raymond J. Malloy issued a decision finding that Petitioner Ramerald Channel was not disabled within the meaning of the Social Security Act from August 20, 2010 through the date of the decision.  Mr. Channel, who was 39 with a high school education at that time, was found to be suffering from severe impairments including cervical disc disease and lumbar spondylolisthesis as the result of being an unrestrained backseat passenger in a low-speed motor vehicle accident on August 20, 2010. These impairments resulted in restrictions on his ability to work, and he had not engaged in any substantial gainful activity since at least August 20, 2010.  Before that time he had worked as a pipe worker, construction worker, tech detailer, and Pilgrim's Pride worker.  He was not able to return to that kind of work.

After reviewing the medical records and receiving the testimony at the hearing, the ALJ determined that Petitioner had the residual functional capacity to perform the full range of light work, as defined in the Social Security Regulations, except for never climbing ladders, ropes or scaffolds, and only occasionally crawling, crouching, kneeling, stooping, balancing and climbing ramps or stairs.  Based on the testimony of a vocational expert witness, the ALJ determined that

1

Petitioner could perform the requirements of certain jobs that exist in substantial numbers in the national economy, such as call out operator, sorter, and gate guard. This finding resulted in the determination that Petitioner was not entitled to Social Security Disability benefits. Petitioner appealed this finding to the Appeals Council, which denied review on February 6, 2013. Petitioner timely filed this action for judicial review seeking remand of the case for award of benefits.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), cert. denied, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Plaintiff raises five issues on this appeal:

1. Plaintiff meets listings 1.04 and 1.00(b)(2)(b) which affects plaintiff's ability to ambulate effectively and therefore the ALJ's decision was not supported by substantial evidence.

2. The ALJ failed to evaluate the severity of plaintiff's impairments as a whole, specifically his ability to stand, walk and/or sit with his exertional and nonexertional limitations.

3. The ALJ erred in discrediting the plaintiff without an explanation for rejecting testimony that was supported by objective medical evidence.

4. The ALJ erred in finding plaintiff could perform light work in opposition to the V.E.'s testimony.

5. The ALJ erred in failing to consider a closed period of disability.

*Issue No. 1:*

Plaintiff contends that the ALJ erred in not finding that Plaintiff's impairments meet or medically equal the requirements of one of the listed impairments in 20 C.F.R. Part 404, leading to a finding of disability at Step Three. Plaintiff quotes the requirements of listing 1.04, which pertains to disorders of the spine, but does not identify which of the three sections of the listing he contends he meets. Nor does he identify what evidence in the record supports that finding. The ALJ addressed this issue on page 4 of his opinion (Tr. 22). The requirements of listing 1.04 are very demanding. *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994). Plaintiff bears the burden of proof at Step Three and must show pain, limitation of motion, muscle atrophy or weakness, and sensory or reflex loss to meet the first and easiest part of the listing. The Court's review of the record does not support Plaintiff's argument that the ALJ erred in this finding.

*Issues Nos. 2 and 4:*

Both of these issues deal with whether the ALJ properly determined Plaintiff's residual functional capacity. Plaintiff first argues that the ALJ's finding was contrary to the opinion of the Vocational Expert, but the V.E. does not assess the claimant's capacity. Instead he takes the residual functional capacity set by the ALJ and opines as to what jobs can be performed by a

person with those restrictions. Contrary to Plaintiff's representations, the ALJ gave a lengthy review of Plaintiff's medical history at pages 4 - 9 of his opinion (Tr. 22-27). The ALJ noted that Dr. James Wright found that Plaintiff had the capacity for medium work. Dr. Khan set Plaintiff's capacity at light work with minimal restrictions, and Dr. McClure provided the capacity that the ALJ found most persuasive, and also most conservative, and adopted as his own. This finding by the ALJ is supported by far more than mere substantial evidence.

*Issue No. 3:*

Plaintiff complains in this issue that the ALJ discounted the credibility of Plaintiff's testimony regarding his pain and other symptoms without proper explanation. The Commissioner concedes that while the ALJ has great discretion in weighing the evidence and determining credibility, there are parameters governing those findings. For instance, in Social Security Ruling 96-7, the Commissioner clarified that:

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

A review of the ALJ's opinion, especially at pages 7 and 8, shows that the ALJ did perform the required analysis of the record and give the specific reasons for his credibility determination. The Court finds that the record, and particularly the medical evidence, amply supports the ALJ's finding that the Plaintiff's complaints of pain and disabling symptoms were not fully credible.

4

*Issue No. 5:*

Plaintiff's final issue is that the ALJ erred in failing to asses a closed period of disability. Such a finding would be appropriate if the ALJ had found disability during some of the eligible period but improvement thereafter. In this case, the ALJ found that Plaintiff was not disabled within the meaning of the Act during any part of the relevant time period. Thus, Plaintiff's improvement is not at issue and no closed period of disability was appropriate.

*Conclusion:*

Having found that the record supports the finding of the ALJ, the decision of the Commissioner is affirmed and this action is dismissed.

**SIGNED this 30th day of March, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE